```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


DAVID GERTZ,                    )
                                )
            Plaintiff           )
                                )
       v.                       )    Case No. 2: 08 cv 102
                                )
INTERNAL REVENUE SERVICE,       )
                                )
            Defendant           )
```

OPINION AND ORDER

This matter is before the court on the Petition to Quash Summons filed by the petitioner, David Gertz, on March 31, 2008. For the reasons set forth below, the motion is **DENIED**.

Background

The petitioner, David Gertz, seeks to quash IRS summons served upon third-parties, both attorneys. Specifically, the summons seek records and correspondence "relating to legal or professional fees paid" to the attorneys by Gertz. Regarding these fees, the request sought, among other information, amounts, dates paid, and the nature of service provided.

Discussion

The power of the IRS to issue summons pursuant to 26 U.S.C. §7602 is limited by traditional privileges, including the attorney-client privilege. **Holifield v. United States**, 909 F.2d 201, 203-04 (7th Cir. 1990)(*citing* **United States v. Euge**, 444 U.S. 707, 714, 100 S.Ct. 874, 879, 63 L.Ed.2d 141 (1980)). "In federal courts, except when state law supplies the applicable

rule of law, the attorney-client privilege is 'governed by the principles of the common law as [it] may be interpreted by the courts of the United States in the light of reason and experience.'" *United States v. BDO Seidman, LLP*, 492 F.3d 806, 814 (7th Cir. 2007)(*quoting* Federal Rule of Evidence 501).  The attorney-client privilege is the oldest privilege recognized by the common law for confidential communications. *Upjohn Company v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). The  privilege is designed to "encourage full disclosure and to facilitate open communication between attorneys and their clients." *BDO Seidman, LLP,* 492 F.3d at 815; *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983). Under the federal common law approach

> in order for the attorney-client privilege to attach, the communication in question must be made: (1) in confidence; (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship.
>
> *BDO Seidman, LLP*   492 F.3d at 815

The Seventh Circuit further has noted that "[o]nly those communications which 'reflect the lawyer's thinking [or] are made for the purpose of eliciting the lawyer's professional advice or other legal assistance' fall within the privilege." *BDO Seidman, LLP,* 492 F.3d at 815 *(quoting United States v. Frederick*, 182 F.3d 496, 500 (7th Cir. 1999)).

Gertz has not shown how any document reached by the terms of the summons falls within the scope of the privilege. Further, it

is not clear how information regarding the fees paid by Gertz will be demonstrative of the "lawyer's thinking" regarding services provided to Gertz. Gertz also has not shown that even when the summons seek information about the "nature of the service provided" that the response will reveal the lawyer's thinking or the advice given. Finally, Gertz has not asserted the privilege with respect to any particular document. See *United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992)("Furthermore, the privilege must be made and sustained on a document-by-document basis.  A blanket claim of privilege that does not specify what information is protected will not suffice."). Accordingly the motion is **DENIED**.

_____

For the foregoing reasons, the Petition to Quash Summons filed by the petitioner, David Gertz, on March 31, 2008, is **DENIED**.

ENTERED this 30th day of June, 2008

s/ ANDREW P. RODOVICH
United States Magistrate Judge